Wright, J.,
delivered the opinion of the Court,
It is settled, in this State, that where a man is put in possession of land by the owner, upon an invalid or verbal sale, which the owner fails or refuses to complete, and in the expectation of the performance of the contract, makes improvements, a Court of Equity will directly and actively, upon a bill filed by him against the owner for an account, make him compensation to the full value of all his improvements, to the extent they have enhanced the value of the land, deducting rents and profits, and' will treat the land as subject to a lien therefor. Herring & Bird v. Pollard’s Ex’rs, 4 Hum., 362; Humphreys v. Holtsinger, 3 Sneed, 228-230. The same rule must apply to purchase money paid upon the faith of the contract.
These decisions go beyond the doctrine of the English Courts, which only allowed the value of the improvements, upon the ground, either that there was some fraud, or where the aid of a Court of Equity was actively sought by the owner to get possession of the estate. 2 Story’s Eq., § 1238. Judge Story, and other law writers, speak of it as an implied trust, or lien upon the estate itself; while, in other authorities, it is called an equity. This equity exists so soon as the improvements are made — attaches, itself upon the land — and becomes operative against the owner, or a purchaser from him with notice, actual or constructive.
In such a case, the party making the improvements having acted bona fide and innocently, the owner, who has received a *179 substantial benefit, ought, ex cequo et bono, to pay for such benefit. 2 Story’s Eq., secs. 1236-1237.
In this case, aside from the proof, we think we are warranted in the assumption, that complainant made the improvements upon the lot in question under the verbal sale from M. W. Williams, as stated in her bill. The answer of the de-fen dant, Allison — if not to be taken as a direct admission— is too faint in its denials to call for proof on the part of the complainant.
The only question then is, whether he had notice of her equity? And as to this — if we disregard the evidence filed., for which we see no reason — there can still be no question upon his answer. He took the lot of Williams in payment o.f a pre-existing debt. And besides, his answer — if he mean to rely upon the defence of an innocent purchaser — should have contained all the certainty of a plea. And, in this respect., it is fatally defective. It does not aver that Williams, of whom he claims to have purchased, was seized in fee, or pretended to be so seized, and was in possession of the lot at the time when he executed the purchase deed, though, as stated in the answer, the conveyance purported an immediate transfer of the possession. And we apprehend that no such averment could, in truth, have been made. This answer, in many other essential particulars, wants the ingredients of such a plea. Story’s Eq. Pl., sec. 805; High v. Batte, 10 Yer., 335; 1 Meigs’Dig., 244-5.
In Tennessee, upon questions connected with commercial paper, it is settled that the suspension or satisfaction of a precedent debt is not a sufficient consideration to give the endorsee of a bill or note the position of a bona fide innocent purchaser, as against the equity of a third party, enforcible against the endorser. The reason given is, that where a party receives a note or bill for a pre-existing debt, due from the person only who assigns the note or bill, he parts with nothing. He has given for it neither his money, goods, or credit; nor has he, on account of it, sustained a loss, or incurred any liability. Wormley v. Lowry, 1 Hum., 468; Van Wyck v. *180 Norvell et al., 2 Hum., 192. The same rule obtains in the State of New York. And in Dickson v. Tillinghast, 4 Paige, 215, this doctrine was applied to the law of real estate, and it was decided that the conveyance of land in payment of an antecedent debt, does not put the grantee in the position of a purchaser for value, nor entitle him to the protection of a Court of Equity. And if any distinction, as to this question, could exist between the two species of property, we suppose it to be in favor of the purchaser of commercial paper. A contrary rule is laid down in most of the States, and by the Supreme Court of the United States, in Swift v. Tyson, 16 Pet., 1. In that case, Judge Story even goes so far, in favor of commercial paper, as to hold that receiving it as security for a pre-existing debt, is in the usual course of trade. But, as we have seen, this is not the rule in our State, and it seems too well settled to be questioned. The whole subject is examined in the notes to Basset v. Nosworthy, 2 White and Tudor’s Cases in Equity, at pages 103 to 121.
But it is unnecessary for us here, conclusively, to dispose of this question. It is enough that in this case the defendant, Allison, has furnished no proof that he is either a creditor or purchaser from Williams. He has shown no pre-existing debt, and has no evidence even that he took a deed from Deadrick and wife, nor the reason for so doing. No interrogatories are put to him in the bill, so as to make him a witness, or entitle his answer to be evidence for him; and it was certainly incumbent upon him to make out his defence as a purchaser, by proof. Notes to Basset v. Nosworthy, 120 and 121; Napier v. Elam, 6 Yer., 108-118.
If it be true, as defendant, Allison, states in his answer, that Williams had purchased the lot of Deadrick and wife, and that he had to pay four hundred dollars to them in discharge of the vendor’s lien or mortgage, in order to get a deed, then, if the lot comes to a sale, to that extent he should have priority oyer complainant in the proceeds. 7 Yer., 168. If, however, the improvements were made upon a part of the lot, the defendant, Allison, being the purchaser of the whole, the *181 sum paid Deaderick and wife will be apportioned ratably, ac ¡ cording to value, upon tbe different parts of tbe lot.
Tbe decree of tbe Chancellor will be reversed, and tbe cause remanded to the Chancery Court at Knoxville, where an account will be taken upon tbe principles of this opinion, to ascertain tbe amount due complainant, and whether defendant, Allison, is entitled to priority to any, and what extent, in tbe proceeds of tbe sale of tbe lot or piece of ground upon which tbe improvements were made.